UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAJ TRUST, et al, <br><br> Claimant, <br><br> and <br><br> MOBILE MINI et al, <br><br> Respondent(s). | Case No. 2:14-cv-00129-APG-PAL <br><br> **ORDER STRIKING REGISTRATION AND DISMISSING CASE** |

On January 27, 2014, the Court ordered Plaintiff to retain a properly-licensed attorney, who was to file an appearance in this matter within 30 days of that Order. Plaintiff was warned that if counsel was not retained within 30 days, this case would be dismissed. Plaintiff apparently has not retained counsel, as no lawyer has filed an appearance on Plaintiff's behalf.

On January 30, 2014, Defendant Mobile Mini filed its Motion to Strike Registration of Foreign Judgment, Dismiss Action, and for Sanctions.[1] Plaintiff has not filed a response to that Motion. Pursuant to Local Rule 7-2(d), the failure to file a response to a motion "shall constitute a consent to the granting of the motion." Nevertheless, the Court has reviewed the merits of Defendant's Motion.

Plaintiff filed its Registration with this Court on December 19, 2013, seeking to enforce an alleged Settlement Agreement and Judgment that were allegedly entered by an "Adjudicator Court" in the "unincorporated united states of America."[2] Neither is a recognized country, state,

---

[1] [Dkt. #7.]

[2] [Dkt. #1, pp. 1, 9-10.]

town, or entity. Thus, any actions taken by them (or "it" if the Plaintiff intends to refer to only one entity) are not legally recognizable by this Court. Moreover, the documents filed by Plaintiff in support of its attempted Registration are nothing more than a conglomeration of legal terms and phrases making no sense. The Court must construe a *pro se* plaintiff's allegations liberally and find all reasonable inferences in its favor. However,

> A court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.[3]

Here, Plaintiff's attempt to collect upon an alleged Settlement Agreement and/or Judgment from a non-existent jurisdiction is factually frivolous.

Further, Plaintiff is not entitled to amend its filings. Dismissal without leave to amend is appropriate when the complaint cannot be cured by additional facts.[4] "[L]eave to amend need not be granted if the proposed amended complaint would be subject to dismissal."[5] Here, no additional facts could be pled to support an alleged judgment from a non-existing jurisdiction.

Finally, Defendant's request for sanctions is denied. While Plaintiff's filing is frivolous, based on the record before this court at this time it is not clear that Plaintiff has acted in bad faith by filing this action. However, further similar filings by this Plaintiff (or by Mr. Jolivette) likely will result in such sanctions. Accordingly,

---

[3] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations omitted).

[4] *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995).

[5] *Bellanger v. Health Plan of Nev. Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992) (citing *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398 (9th Cir.1990); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) ("courts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment").

1   IT IS HEREBY ORDERED that Defendant's Motion [Dkt. #7] is GRANTED IN PART Plaintiff's Registration of Foreign Judgment [Dkt. #1] is STRICKEN.  Defendant's request for sanctions is DENIED.  This action is DISMISSED in its entirety.

The Clerk of the Court is instructed to enter judgment in favor of Defendants, and to close this case.

Dated: March 7, 2014.

*(signature)*

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE